918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell HOPEWELL, Plaintiff-Appellant,
v.
Al C. PARKE, Warden, Elaine Jett, Defendants-Appellees.
 No. 90-5541.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Darnell Hopewell, a pro se Kentucky prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Hopewell sued the defendants in their individual and official capacities for allegedly violating his rights under the first, eighth, and fourteenth amendments to the Constitution. Defendant Parke is the warden of the Kentucky State Reformatory, where Hopewell is incarcerated; defendant Jett is the food service manager at that institution. Hopewell alleged that the defendants intentionally violated his right to practice his Muslim religion when they refused to provide him with pork-free trays as requested while he was housed in an administrative segregation unit. He further alleged that because the pork touched the other food items on his trays, he was unable to eat from them.
 
 
 3
 After both parties submitted motions for summary judgment, the district court granted the defendants' motion. The court held that the defendants did not violate Hopewell's constitutional right to exercise his religious beliefs when they failed to remove pork from his food trays. The court supported its conclusion with findings that: (1) the defendants were in compliance with a consent decree requiring them to serve one pork-free meal per day and to notify the residents of any pork or pork-derivative item on all menus, and (2) the consent decree is reasonably related to penological objectives.
 
 
 4
 On appeal, Hopewell argues that the issue in his case is not whether the appellees violated his rights when they failed to remove pork from his food trays, but rather that they failed to give him notice as to which food items contained pork prior to them serving his trays. He further argues that a material issue of fact exists as to whether and when he was adequately notified of the food items containing pork.
 
 
 5
 We shall affirm the district court's judgment because Hopewell's express abandonment of the sole issue presented in his complaint leaves this court without a basis upon which to review the judgment.
 
 
 6
 Because Hopewell has clearly and expressly abandoned the issue of the appellees' failure to serve him pork-free food trays in administrative segregation, that issue is not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Further, Hopewell did not assert the issue of adequate notice in the district court. Considering Hopewell's clear rejection of the defendants' notice argument as irrelevant in his filings with the district court, we shall not review that issue in the first instance on appeal.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.